■ CARMELA MORELLI, Respondent, v. EUGENE RAGAN, Appellant.— In an action to recover damages for wrongful death, defendant appeals from an order of the Supreme Court, Queens County, dated June 23, 1972 which granted plaintiff's motion to strike defendant's second affirmative defense based upon title 46 (§ 183, subd. [a]) of the United States Code. Order reversed, with $20 costs and disbursements and plaintiff's motion denied. This action arises from an accident at sea in which a motorboat owned and operated by defendant, and in which plaintiff's intestate was a passenger, overturned. The complaint alleged negligent operation and control and that defendant was "otherwise careless, reckless and negligent in the premises". The answer generally denied those allegations and asserted as an affirmative defense that if he were found liable, then his liability should be limited to the value of the vessel (U. S. Code, tit. 46, § 183, subd. [a]). The limitation applies where the injury is occasioned without the "privity or knowledge" of the owner. The limitation does not apply where the injury results solely through the active negligence of the owner-operator (*King* v. *Liotti*, 190 Misc. 652). Under the general language of the complaint, however, it is possible that plaintiff could prove some misconduct which would entitle defendant to assert the statute as a defense (*The Spare Time II*, 36 F. Supp. 642; *Blackler* v. *Jacobus Transp. Co.*, 243 F. 2d 733). Special Term denied the motion because of defendant's failure to show a defect in the boat unknown to him. This was error. The burden is upon plaintiff to establish liability and then on defendant to prove that he is within the statute. Under the reasoning of Special Term, defendant would have had to establish his liability to prevail. Accordingly, the motion should be denied. Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Benjamin, JJ., concur.